IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONALD SHRABLE                                                                                                PLAINTIFF

VS.                                         CASE NO:  4:10CV02066 BSM

EATON CORPORATION                                                                                  DEFENDANT

## AMENDED COMPLAINT

COMES NOW the Plaintiff, by and through counsel, and for his Amended Complaint, he states:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident and citizen of the State of Arkansas who worked for Eaton Corporation, a foreign corporation who may be served in Pulaski County, Arkansas. Accordingly, this Court has personal jurisdiction over the parties as well as subject matter jurisdiction. This is an action brought to redress age and disability discrimination, as well as retaliation. Plaintiff timely filed a charge of discrimination, attached and incorporated by reference herein as Exhibit "A" to the original Complaint. Plaintiff now files this action within 90 days of receive his Right-To-Sue letter. Plaintiff brings this action for retaliation and for violation of the Arkansas Civil Rights Act of 1993, and for harassment as well. Venue is proper.

### GENERAL ALLEGATIONS OF FACT

2. Plaintiff is over the age of 40, and he is substantially limited in his major life activities of eating, lifting, and other major life activities.

3. At all times relevant, Plaintiff performed his job satisfactorily.

4. From time to time during his employment, Plaintiff requested leave under the ADA.

5. Plaintiff also utilized benefits afforded him under ERISA.

6. Plaintiff was terminated under circumstances similarly situated persons without

- 1 -

disabilities, persons younger than, and persons who had not exercised rights granted him under ERISA qualified plans, were not.

7. Indeed, Plaintiff protested illegal discrimination, and engaged in a protected activity, but Defendant retaliated against him in violation of federal law and the Arkansas Civil Rights Act of 1993.

8. Plaintiff has also been harassed and intimidated, in violation of the Arkansas Civil Rights Act.

## COUNT I

9. Plaintiffs re-allege the foregoing as if fully set out herein.

10. Plaintiff was a participant in a welfare benefit plan administered by the Defendant. Defendant is an employer employing more than 100 people in the State of Arkansas in an industry affecting interstate commerce.

11. Defendant retaliated against Plaintiff for exercising his rights under ERISA and complaining about violations of the FLSA in January of 2009.

12. Accordingly, Plaintiff sues Defendant for retaliation and requests that he be reinstated to his job, and that he receive appropriate equitable relief, including, but not limited to, reinstatement and back pay under ERISA and the FLSA.

13. Defendant's actions were willful, and Plaintiff is entitled to liquidated or punitive damages under the FLSA. Plaintiff also requests pre-judgment interest.

## COUNT II

14. Plaintiffs re-allege the foregoing as if fully set out herein.

15. Plaintiff is over the age of 40.

16. Defendant did not terminate employees who engaged in the same or more serious conduct than Plaintiff. These employees were younger than Plaintiff, so Plaintiff believes that this difference in treatment can constitute age discrimination.

17. As a direct and proximate cause of Defendant's acts and omissions alleged

herein, Plaintiff has lost wages, lost fringe benefits, and incurred other damages in an amount to be proven at trial.

18. All of Defendant's actions have been willful.

## COUNT III

19. Plaintiffs re-allege the foregoing as if fully set out herein.

20. At all times relevant, Plaintiff had worked for the Defendant for more than one (1) year at a location where the Defendant employed more than 50 people at Plaintiff's former worksite in Arkansas in an industry affecting interstate commerce.

21. Plaintiff suffered from a chronic health condition, and required leave from time to time.

22. However, Defendant failed to give Plaintiff timely and proper notice of his rights and responsibilities under the FMLA, as well as interfered with the exercise of Plaintiff's rights under the FMLA and retaliated against him for requesting leave.

23. As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has lost wages, lost fringe benefits, and incurred other damages in an amount to be proven at trial.

24. All of Defendant's actions have been willful.

## COUNT IV

25. Plaintiffs re-allege the foregoing as if fully set out herein.

26. Plaintiff is a person with a disability, as that term is defined by the Americans with Disabilities Act of 1990 and the Arkansas Civil Rights Act of 1993.

27. Defendant has failed to accommodate Plaintiff's disability in violation of the ADA, as well as discriminated against Plaintiff on the basis of his disability in violation of the Arkansas Civil Rights Act and the ADA.

28. As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, lost wages, lost fringe

benefits, and incurred other damages in an amount to be proven at trial.

29. Defendant's actions have been so egregious so as to warrant the imposition of punitive damages.

## COUNT V

30. Plaintiffs re-allege the foregoing as if fully set out herein.

31. By virtue of the facts alleged herein, Plaintiff opposed illegal discrimination and engaged in a protected activity.

32. Accordingly, Defendant is sued for retaliation under the ADEA, ERISA, the ADA, and the Arkansas Civil Rights Act of 1993.

33. Indeed, Defendant's conduct constitutes harassment, intimidation in violation of A.C.A. §16-123-106 and 108.

34. As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, lost wages, lost fringe benefits, and incurred other damages in an amount to be proven at trial.

35. Defendant's actions have been so egregious so as to warrant the imposition of punitive damages.

WHEREFORE, Plaintiffs pray for appropriate compensatory and liquidated, punitive damages exceeding $75,000.00, for reinstatement or front pay, for appropriate injunctive relief requiring the Defendant to comply with Federal and State Anti-Discrimination laws, for declaratory judgment that the Defendant's actions were discriminatory, for reasonable attorney's fees, for costs, for a trial by jury, and for all other proper relief.

    Respectfully submitted,

    HARRILL & SUTTER, P.L.L.C.
    Attorneys at Law
    Post Office Box 26321
    Little Rock, Arkansas 72221-6321
    501/315-1910; Facsimile 501/315-1916
    Attorneys for the Plaintiff

By: */s/ Luther Oneal Sutter*
    Luther Oneal Sutter, Ark. Bar No. 95031

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to counsel for the Defendant:

Carolyn Witherspoon

John Doyle

By: */s/ Luther Oneal Sutter*
    Luther Oneal Sutter, Ark. Bar No. 95031